Mary L. Dubey, Plaintiff, *v*. Jesse L. Phillips, as Liquidator of the Supreme Council of the Catholic Mutual Benefit Association, and the American Insurance Union, Defendants.

(Supreme Court, Erie Special Term, July, 1921.)

Insurance (mutual benefit) — liquidation — failure of assured to comply with terms of contract made by state superintendent of insurance for continuing insurance defeats claim of beneficiary.

By a contract entered into with the state superintendent of insurance, as liquidator of the business of the Supreme Council of the Catholic Mutual Benefit Association, the defendant, the American Insurance Union, agreed *inter alia* to accept and continue the insurance of each and every beneficial member in said Supreme Council, etc., in good standing, or who possessed the right of reinstatement at the date of the order of liquidation. The contract further provided that said defendant should not be liable for any claims or causes of action accruing after midnight, standard time, at a designated place in this state, between May 31, 1920, and June 1, 1920. *Held,* that where the evidence in an action brought by the beneficiary named in a certificate of insurance issued to her husband by said Supreme Council, shows that plaintiff's husband did not comply with the terms and conditions imposed by the contract with the American Insurance Union, in that he did not on or before May 31, 1920, pay the cash assessment and dues made and levied by said Supreme Council for the month of May, 1920, the plaintiff was not entitled to recover no

Supreme Court, July, 1921. [Vol. 116.

matter what the rights or equities of her husband may have been as against the Catholic Mutual Benefit Association, and her complaint will be dismissed.

ACTION to compel reinstatement as a member of the Catholic Mutual Benefit Association and that certificate of Catholic Mutual Benefit Association be declared certificate of American Insurance Union.

James P. Cotter, for plaintiff.

Daniel J. Kenefick and C. Pascal Franchot, for defendant, The American Insurance Union.

WHEELER, J. The evidence shows the plaintiff is the beneficiary named in a certificate of insurance issued to Walter G. Dubey (her deceased husband) by the Supreme Council of the Catholic Mutual Benefit Association, in and by which certificate the plaintiff on the death of her husband was entitled to participate in the benefit fund of that association to the extent of $2,000. The Catholic Mutual Benefit Association became financially involved and as a result the defendant Phillips as superintendent of insurance of the state of New York took possession of the property and assets of that association, and by order of the court was authorized and directed to liquidate its business. In pursuance of that authority said Phillips as such superintendent did on the 11th day of May, 1920, make and enter into a contract with the defendant the American Insurance Union of Columbus, O., in and by which contract said American Insurance Union, among other things, agreed " to accept as beneficial members and to insure and continue without medical, physical or other examination of any kind, the insurance of each and every beneficial member of said Supreme Council of the Catholic Mutual Benefit Association in good standing, or who possessed the right of reinstatement

at the date of said order of liquidation from midnight, standard time, at Hornell, Steuben county, N. Y., between the 15th day of May, 1920, and the 16th day of May, 1920, and the 1st day of June, 1920, unless (a) such membership or insurance is terminated prior thereto by refusal in writing to accept such insurance, or by his failure to pay to a local cashier of the party of the second part duly appointed the assessments and dues for May, 1920, made due and payable in accordance with the constitution, by-laws and certificates of the Supreme Council of the Catholic Mutual Benefit Association for the month of May, 1920," etc.

The contract further provided: " The party of the second part shall not be liable for any claims or cause of action which accrue subsequent to midnight, standard time, at Hornell, Steuben county, New York, between the 31st day of May, 1920, and the 1st day of June, 1920, unless the beneficial member held a valid certificate of membership of said Supreme Council of the Catholic Mutual Benefit Association or possessed the right of reinstatement at the date of the entry of said order of liquidation and shall have accepted on or before the 31st day of May, 1920, the terms of this contract by paying to a local cashier of the party of the second part the cash assessments and dues made or levied by the Supreme Council of the Catholic Mutual Benefit Association for the month of May, 1920."

Also: " This contract may be accepted by members possessed of the right to be reinstated upon payment to the Liquidator of unpaid dues and assessments for periods prior to May 1, 1920, and payment to a local cashier appointed by the party of the second part of the cash assessments and dues for May, 1920, made and levied according to the constitution and by-laws

of the Supreme Council of the Catholic Mutual Benefit Association.

" The party of the second part shall not be liable for any claim accruing by reason of the death of any member of the Supreme Council of the Catholic Mutual Benefit Association which shall occur subsequent to the 31st day of May, 1920, unless said member has paid to the party of the second part or a local cashier, the assessments of the Supreme Council of the Catholic Mutual Benefit Association for May, 1920, prior to the 1st day of June, 1920, and has paid all prior assessments and dues."

The plaintiff claims that although her husband, Walter G. Dubey, was in arrears in the payment of his dues and assessments to the Catholic Mutual Benefit Association, nevertheless he was entitled under the constitution and by-laws of the association to reinstatement as a member, and was, therefore, entitled to the benefits of the contract made between Phillips as superintendent of insurance and the defendant the American Insurance Union; Walter G. Dubey died in July, 1920, and this action is brought to declare said Walter G. Dubey entitled to the right of reinstatement into the Catholic Mutual Benefit Association at all times from September, 1919, to the date of his death. 2. That the contract in question was duly accepted by said Dubey. 3. That the certificate of insurance in the Catholic Mutual Benefit Association held by said Dubey be declared a certificate of insurance in the American Insurance Union, and in full force and effect at the time of his death. 4. That the plaintiff recover said sum of $2,000, less certain liens thereon.

The evidence shows that Walter Dubey did not comply with the terms and conditions imposed by the contract with the American Insurance Union in that he did not accept the terms of said contract by paying

on or before the 31st day of May, 1920, the cash assessments and dues made or levied by the Supreme Council of the Catholic Mutual Benefit Association for the month of May, 1920.

I do not understand the plaintiff contends that any such payment was in fact made. On June 1, 1920, after the time to pay said dues and assessments had expired, plaintiff's attorney wrote the American Insurance Union saying that Walter G. Dubey was about to start an action against the Catholic Mutual Benefit Association and the superintendent of insurance for reinstatement, and that after some correspondence he had finally received a letter from the superintendent of insurance's office stating it would accept all past dues and assessments up to April, 1920, "and that your organization was to be paid the regular C. M. B. A. assessment for May and June according to your table of rates."

The letter further stated: "I am therefore, on behalf of Walter Dubey accepting the contract made by and between the New York State Ins. Supt. and your organization. * * * I am enclosing check for $23.10, $8.46 of which is the regular C. M. B. A. dues and assessments for May, and $14.64; being the rate of your company for June." This check was subsequently returned by the American Insurance Union unused and its liability was repudiated. Hence this action.

On the trial considerable evidence was given by the parties touching the question whether or not Walter G. Dubey was in fact and in law entitled to be reinstated as a member in the Catholic Mutual Benefit Association. Even though entitled to reinstatement we do not regard that fact as controlling in the disposition of this case, for if in default in complying with the terms of the contract in question the plaintiff

Supreme Court, July, 1921.        [Vol. 116.

cannot recover. Dubey had no greater rights against the insurance union than a member in good standing, and such a member could not avail himself of the contract with the insurance union without showing compliance on his part with the terms and conditions imposed, one of which was that a member of the Catholic Mutual Benefit Association or one having the right of reinstatement should pay the insurance union on or before May 31, 1920, the dues and assessments for May of that year. This concededly was not done.

No matter what the rights or equities of the member Walter G. Dubey may have been as against the Catholic Mutual Benefit Association as against the insurance union, its liability must be measured and determined by the contract between it and the superintendent of insurance. The insurance union had the right to say what members of the benefit association it would receive and recognize, and upon what terms and conditions it would receive them into its own order, and one of these terms and conditions was that the contract might be accepted by members possessed of the right to be reinstated upon payment to the liquidator of unpaid dues and assessments for periods prior to May 1, 1920, and payment to a local cashier appointed by the party of the second part of the cash assessments and dues for May, 1920, on or before May 31, 1920. It was further provided that the American Insurance Union should not be liable unless the beneficial member or one entitled to reinstatement " shall have accepted on or before the 31st day of May, 1920, the terms of this contract by paying to a local cashier of the party of the second part the cash assessments and dues made or levied by the Supreme Council of the Catholic Mutual Benefit Association for the month of May, 1920.''

These conditions having not been met by the member Walter G. Dubey in his lifetime we are unable to discover how the plaintiff as the beneficiary named in the certificate can recover.

It is true that at the time the member Walter G. Dubey had been reported expelled for non-payment of dues and assessments, but he claimed such expulsion had been irregular, and that he was entitled to be reinstated. If he elected to become a member of the insurance union by reason of its contract and his right of reinstatement, he still was obligated to pay the May dues and assessments on or before May thirty-first. The contract imposes that condition not only on members in good standing but also on those claiming the right of reinstatement.

It is argued that the member did not in fact get notice of the terms of the contract in question in time to act and make the required payments on or before May thirty-first. The insurance union made no agreement to give the members of the Catholic Mutual Benefit Association any notice whatever. The superintendent of insurance as liquidator agreed to send, as provided in the 17th clause of the contract, to each member of the Catholic Mutual Benefit Association in good standing, or possessed of the right to reinstatement, a copy of the contract in question. The American Insurance Union assumed no such duty, and if the benefit association failed to give such notice, that failure is not chargeable against the insurance union, nor can it operate to enlarge or extend the liability of the union.

Considering the case, therefore, in the light of the facts stated in the foregoing opinion I conclude the plaintiff's complaint must be dismissed.

Ordered accordingly.